UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

SHUBERT VERTILUS,
and all others similarly situated;

    Plaintiffs,

vs.

ANGLIN'S BEACH CAFE, LLC,
an active Florida limited liability company; and
SPIRO MARCHELOS, individually;

    Defendants.
_____/

## COMPLAINT

Plaintiff, SHUBERT VERTILUS, on behalf of himself and all others similarly situated, bring this individual and collective action for willful violations under the Fair Labor Standards Act, (hereinafter referred to as the "FLSA") against ANGLIN'S BEACH CAFE, LLC, and SPIRO MARCHELOS, individually (collectively referred to as "Defendants").

## INTRODUCTION

1. Plaintiff works for Defendants in a non-exempt position inside of Defendants' restaurant.

2. Plaintiffs duties include, but are not limited to, things such as washing dishes, cleaning the kitchen and running food.

3. Plaintiff brings this lawsuit on behalf of himself and all other similarly-situated employees of Defendants, who performed similar duties to, and who were paid in the same improper manner as Plaintiff.

1

4. Defendant has a policy and practice of failing to pay Plaintiff and similarly situated employees minimum wage for all hours worked and overtime compensation for all hours worked on excess of forty (40) in a given workweek.

5. This lawsuit is brought as a collective action under the FLSA to recover minimum wage and overtime compensation owed to Plaintiff and similarly situated employees.

6. Plaintiff will seek conditional certification and notice to an opt-in class of hourly paid workers pursuant to the FLSA, 29 U.S.C. § 216(b), who were employed by Defendants during the three-year period preceding the filing of this action ("Relevant Liability Period").

## JURISDICTION AND VENUE

7. The FLSA authorizes court actions by private parties to recover damages of the FLSA's wage and hour provisions.

8. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in the Southern District of Florida because Defendant, ANGLIN'S BEACH CAFÉ, LLC, provides services in this District and is thus considered a resident of this District. Additionally, all of or a substantial portion of the acts that form the basis of this action took place in this District. Finally, upon information and belief, Defendant, MARCHELOS is a resident of this District.

## PARTIES

10. Plaintiff, SHUBERT VERTILUS, is an adult resident of Florida and working for Defendants in January 2019. As of the filing of this Complaint Plaintiff is still employed by Defendants.

11. Plaintiff was and remains a covered employee within the meaning of the FLSA.

12. During the Relevant Liability Period, Defendants failed to pay Plaintiff and similarly situated employees minimum wage for all hours worked and overtime for all hours worked in excess of forty (40) in a given work week.

13. Defendant, ANGLIN'S BEACH CAFÉ, LLC is covered employer under the FLSA.

14. During the Relevant Liability Period, Defendants employed two or more persons, including Plaintiff, and has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any persons," as defined in 29 U.S.C. § 203(s)(1)(A)(i).

15. During the Relevant Liability Period, Defendants achieved annual gross sales made or business done of not less than $500,000.00, in accordance with U.S.C. § 203(s)(1)(A)(ii).

16. Defendant, SPIRO MARCHELOS, is an individual who is a resident of Florida.

17. MARCHELOS is the sole-member of ANGLIN'S BEACH CAFE, LLC.

18. MARCHELOS is an employer as that term is defined by the FLSA insofar as he has complete control of the business, makes day to day decisions, has direct control of Plaintiff, sets Plaintiff's hours and can fire Plaintiff.

19. Further, and as is more detailed below, MARCHELOS personally paid Plaintiff by handing him checks he wrote and signed and on at least one occasion, handing Plaintiff cash as compensation for hours worked.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

20. Defendants operate a restaurant in Broward County, Florida.

21. During the relevant limitations period, Defendants have employed numerous hourly workers.

22. Plaintiff, and those similarly situated, are non-exempt employees, and therefore entitled to additional compensation for all hours worked over forty (40) in a given work week.

23. Defendants have, and continue to fail to, pay Plaintiff and the putative class minimum wage for all hours worked and overtime compensation for all hours worked in excess of forty (40) in a given work week.

24. Plaintiff and all other similarly situated individuals routinely work over forty (40) hours in a work week but were not paid overtime wages for all of that work.

25. Plaintiff and all other similarly situated individuals routinely are not paid minimum wage for all hours worked.

26. Specifically, Plaintiff is supposed to be paid a designated hourly rate for all hours worked.

27. Instead, Plaintiff is paid various flat amounts for various time worked.

28. By way of example, Defendants have provided checks to Plaintiff in the amounts of one thousand dollars ($1,000.00), one thousand five hundred dollars ($1,500.00) and nine hundred dollars ($900.00).

29. Specifically, Defendant MARCHELO wrote, signed and provided the checks to Plaintiff.

30. These checks are supposedly provided for hours worked prior to the dates of the checks.

31. However, there is no check stub with the checks designating for what hours Plaintiff is being paid.

32. There are no federal, state or local withholding taxes taken out of the checks.

33. The checks are not provided on any consistent basis, i.e. Defendants do not pay Plaintiff on any consistent basis.

34. Most of the time, Plaintiff has to ask Defendants to be paid.

35. On at least one occasion, Plaintiff was handed cash by Defendant, MARCHELOS.

36. The cash was supposed to be compensation for hours worked.

37. Defendants' policy of wrongfully denying Plaintiff, and the putative class' payment of minimum wage and overtime is companywide.

38. Defendants knew, and have known, that Plaintiff and all similarly situated employees perform work without compensation and have chosen to deny them overtime and minimum wage compensation for performing this work in willful disregard of their rights under the FLSA.

## **COLLECTIVE ACTION ALLEGATIONS**

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38.

40. Plaintiff brings Counts I and II as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following:

> All persons employed as hourly paid kitchen staff for Defendants for the past three years (plus any applicable tolling) who were not paid full and proper overtime and minimum wage for all hours worked.

41. Plaintiff reserves the right to amend said class definition consistent with information obtained through discovery.

42. The class is so numerous that joinder of all members is impracticable. Plaintiff has executed a Consent to Become Party Plaintiff which is attached as Exhibit A.

43. The FLSA claim may be pursued by those who opt-in to this case.

44. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

## COUNT I

### FAILURE TO PAY OVERTIME COMPENSATION TO HOURLY PAID LABORERS IN VIOLATION OF THE FLSA DURING THE RELEVANT LIABILITY PERIOD

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44.

46. This Count is against all Defendants.

47. During the FLSA Relevant Liability Period, Defendants failed to properly compensate all hourly kitchen staff workers by failing to properly pay overtime for all hours worked in excess of forty (40) hours in a given work week.

48. Defendants actions were willful.

49. Plaintiff, on behalf of himself and other similarly situated employees, seeks unpaid overtime compensation in amounts to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the even liquidated damages are denied), post-judgment interest, and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated employee demands judgment against Defendants and requests that this Court:

a. Issue a notice to all hourly paid kitchen workers who were employed by Defendants at any time during the Relevant Liability Period, informing them of their right to file consents to join this action;

  b. Find that Defendants' violations of the FLSA were willful and impose a three (3) year statute of limitations period for FLSA claims;

  c. Award Plaintiff and all other similarly situated employees unpaid overtime;

  d. Award Plaintiff and all other similarly situated employees liquidated damages;

  e. Award Plaintiff and all other similarly situated employees post judgment interest;

  f. Award Plaintiff and all other similarly situated employees attorney's fees and costs; and

  g. Award Plaintiff and all other similarly situated employees any other relief this Court deems just and appropriate.

## COUNT II

### FAILURE TO PAY MINIMUM WAGE COMPENSATION TO HOURLY PAID LABORERS IN VIOLATION OF THE FLSA DURING THE RELEVANT LIABILITY PERIOD

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44.

51. This Count is against all Defendants.

52. During the FLSA Relevant Liability Period, Defendants failed to properly compensate all hourly kitchen staff workers by failing to properly pay minimum wage for all hours worked in a given work week.

53. Defendants actions were willful.

54. Plaintiff, on behalf of himself and other similarly situated employees, seeks unpaid minimum wage compensation in amounts to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the even liquidated damages are denied), post-judgment interest, and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated employee demands judgment against Defendants and requests that this Court:

a. Issue a notice to all hourly paid kitchen workers who were employed by Defendants at any time during the Relevant Liability Period, informing them of their right to file consents to join this action;

b. Find that Defendants' violations of the FLSA were willful and impose a three (3) year statute of limitations period for FLSA claims;

c. Award Plaintiff and all other similarly situated employees unpaid minimum wage;

d. Award Plaintiff and all other similarly situated employees liquidated damages;

e. Award Plaintiff and all other similarly situated employees post judgment interest;

f. Award Plaintiff and all other similarly situated employees attorney's fees and costs; and

g. Award Plaintiff and all other similarly situated employees any other relief this Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff, all similarly situated employees demand a trial by jury on all issues so triable.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

Dated: June 12, 2019,

                        Respectfully submitted,

By: /s/Michael L. Elkins
      Michael L. Elkins
      Florida Bar No. 523781
      melkins@mlelawfirm.com
      **MLE LAW**
      633 S. Andrews Ave.
      Suite 500
      Fort Lauderdale, FL 33301
      Telephone: (954) 401-2608
      *Co-Counsel for Plaintiff*

/s/Joshua M. Entin
      Joshua M. Entin, Esq.
      Fla. Bar No. 493724
      josh@entinlaw.com
      **ENTIN LAW GROUP, P.A.**
      633 S. Andrews Ave.
      Suite 500
      Fort Lauderdale, FL 33301
      Telephone: (954) 761-7201
      *Co-Counsel for Plaintiff*