UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61462-CIV-ALTMAN/Hunt

**SHUBERT VERTILUS**,

      Plaintiff,
v.

**ANGLIN'S BEACH CAFÉ, LLC,**
and **SPIRO MARCHELOS**,

      Defendants.
_____/

## **ORDER**

**THIS MATTER** comes before the Court upon the Plaintiff's Motion for Default Judgment [ECF No. 17] and the Plaintiff's Motion for Class Certification [ECF No. 18], both of which were filed on August 26, 2019. On August 8, 2019, the Clerk entered a Default as to both Defendants [ECF No. 15].

### **The Plaintiff's Motion for Default Judgment**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a final default judgment against any party who has failed to respond to the complaint. But "a defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). *See also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default." (alteration added)).

The Plaintiff brought this action to recover unpaid minimum and overtime wages—along with liquidated damages—under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

A defendant who fails to pay an employee in accordance with the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). On the other hand, Section 216(b) of the FLSA does not permit a plaintiff to recover any allegedly unpaid *regular* wages—so long as the plaintiff's regular wages exceeded the statutorily mandated minimum wage. *See Bolick v. Brevard County Sheriff's Dep't.*, 937 F. Supp. 1560, 1568 (M.D. Fla. 1996). Put another way, by its express terms, Section 216(b) provides a remedy only for unpaid minimum wages or unpaid overtime compensation.

The Court has carefully reviewed the Plaintiff's submissions, and, while there is sufficient evidence to support the entry of a default judgment in his favor, the Court cannot enter that judgment just yet.[1] The Plaintiff has submitted an uncontested declaration—in which he avers that the Defendants failed to pay him for certain hours he worked. *See generally* Vertilus Decl. [ECF No. 17-1]. The Plaintiff has also attached an Exhibit, which, he says, supports his allegation that the Defendants failed to pay him what he was owed. *Id.* at 4-7. Taken together, the Plaintiff's unpaid *minimum* wages total $7,849.17, and his unpaid *overtime* wages total $3,041.29. The Plaintiff's evidence, then, supports the proposition that he is entitled to a total of $21,780.92—$10,890.46 in unpaid wages and an additional $10,890.46 in liquidated damages.[2]

Unfortunately, the Motion does not include any allocation for attorney's fees. Nor does it

---

[1] On a motion for default final judgment, the Defendant is deemed to have admitted the well-pleaded allegations in the Complaint. *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206.

[2] Under the FLSA, "liquidated damages are mandatory absent a showing of good faith" by the employer. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (citation omitted). The Plaintiff's Complaint alleges that the Defendants willfully decided not to pay him his overtime wages. Compl. ¶ 38, 53 [ECF No. 1]. By not responding to the Complaint, the Defendants have failed to carry their burden of establishing "good faith." As such, The Plaintiff is entitled to liquidated damages here.

attach any affidavits from which the Court might ascertain precisely how much time and money Plaintiff's counsel expended on this case. For this reason, the Plaintiff's Motion for Default Judgment is **DENIED without prejudice**.

### Motion for Class Certification

Although the FLSA authorizes collective actions against employers, the members of any such collective action must affirmatively opt into the lawsuit. *See Morgan v. Family Dollar Stories, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008). And well-established Eleventh Circuit precedent requires the Court to conditionally certify a class of similarly situated employees *before* allowing those employees to opt into the class. *Id.* at 1259. Courts in the Southern District of Florida have previously described this two-step process as follows:

> First, the district court must determine whether other similarly situated employees exist and should therefore be notified of the lawsuit. Although the Eleventh Circuit has not adopted a precise definition for "similarly situated employees," a district court should satisfy itself that there are other employees . . . who desire to "opt-in" and who are "similarly situated" with respect to their job requirements and with regard to their pay provisions. A plaintiff has the burden of showing a "reasonable basis" for his claim that there are other similarly situated employees. Second, after a plaintiff satisfies its initial burden to demonstrate the existence of similarly situated employees, an employer may move for decertification. If an employer moves for decertification, the district court has an opportunity to review a more complete record than it had at the notice stage, and can therefore make a more informed factual determination of similarity.

*See Williams v. Imperial Hosp. Grp., Inc.*, No. 10-60835-CIV, 2010 WL 3943590, at *1–2 (S.D. Fla. Oct. 6, 2010) (cleaned up).

In other words, a plaintiff must first identify similarly situated employees who wish to opt into a lawsuit before this Court may conditionally certify a class. And, in deciding whether potential class members are, in fact, similarly situated, this Court must consider the following five factors:

> whether the plaintiffs all held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision-maker; and (5) the extent to which the actions which constitute the violations claimed by plaintiffs are similar.

*See Echevarria v. Las Vegas Beach, Inc.*, No. 10-20200-CIV, 2010 WL 2179747, at *2 (S.D. Fla. June 1, 2010) (citation omitted).

The Plaintiff has neither identified similarly situated class members or pointed to class members who wish to opt into this lawsuit. Instead, the Plaintiff, in rather conclusory fashion, says only that: (1) "[d]efendants have failed to pay myself and similarly situated employees minimum wage for all hours worked and overtime for all hours worked in excess of forty (40) in a given work week"; (2) "[p]laintiff and all other similarly situated individuals routinely are not paid minimum wage for all hours worked;" and (3) "[t]here are numerous other employees employed as hourly kitchen staff who were not paid full and proper overtime and minimum wage for all hours worked." *See* Vertilus Decl. ¶¶ 9, 12, 14. The Plaintiff suggests that the "number and identity of other similarly situated workers yet to opt-in can be determined from the records of Defendants." *Id.* ¶ 16. But the Plaintiff does not explain how he expects to access these "records" in light of the Defendants' default. And nothing in his declaration indicates whether all of the "similarly situated" plaintiffs held the same job, whether they all worked for the same decision-maker, whether they were all subject to the same company policies, or even whether the alleged FLSA violations to which they were all subjected occurred during the same time period.

More fundamentally, even if the Plaintiff could identify a class of similarly situated employees, he nevertheless fails to show that these employees wish to opt into the lawsuit.

Indeed, as of this Order, not a single other employee has made any effort to join the Plaintiff's suit—nor has anyone else notified the Court of his or her intention to opt in. In this respect, the Plaintiff's conclusory assertion that other individuals *may* have been aggrieved by the Defendants' conduct—and that these other individuals, whoever they are, *may* one day wish to join this lawsuit—does not come close to meeting the standard for conditional class certification. *See Sandate v. Makotek, LLC*, No. 6:06-cv-601-Orl-31DAB, 2006 WL 4792782, at *3 (M.D. Fla. Sept. 28, 2006) ("A plaintiff's or counsel's belief in the existence of other employees who desire to opt in and unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification of a collective action and notice to a potential class.") (cleaned up); *accord Guerrier v. Mei Gamma, LLC*, No. 12-22368-CIV, 2012 WL 6050330, at *2 (S.D. Fla. Dec. 3, 2012) (denying conditional class certification where, as here, the plaintiff made "vague and speculative" assertions about the existence of other putative class members and did not identify any other individuals who desired to opt in). Instead, the Plaintiff must, at a minimum, identify specific employees who wish to join this lawsuit. *See Rodgers v. CVS Pharmacy, Inc.*, No. 8:05-CV770T-27MSS, 2006 WL 752831, at *3-4 (M.D. Fla. Mar. 23, 2006) (denying conditional class certification because the plaintiff—and two employees who signed consents to join—failed to identify other employees who wished to opt into the lawsuit). As such, the Plaintiff's Motion for Class Certification is **DENIED**. Accordingly, the Court hereby

   **ORDERS AND ADJUDGES** as follows:

1. The Plaintiff's Motion for Default Judgment [ECF No. 17] is **DENIED without prejudice**. The Plaintiff may file an Amended Motion for Default Judgment by **August 30, 2019**. That Amended Motion must describe, in detail, any proposed attorney's fees

and costs, including counsel's hours and rates.

2. The Plaintiff's Motion for Class Certification [ECF No. 18] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 28th day of August 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record