UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-61462-CIV-ALTMAN/HUNT

SHUBERT VERTILUS,
and all others similarly situated;

      Plaintiffs,

vs.

ANGLIN'S BEACH CAFE, LLC,
an active Florida limited liability company; and
SPIRO MARCHELOS, individually;

      Defendants.

_____/

## PLAINTIFF'S AMENDED MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT

Plaintiff, SHUBERT VERTILUS, through his counsel, and pursuant to the Court's Order [DE 19], and Federal Rule of Civil Procedure 55(b)(2), files Plaintiff's Amended Motion for Entry of Default Final Judgement, and in support states the following:

### I.      PRELIMINARY STATEMENT

1.      This is an action under the Fair Labor Standards Act ("FLSA").

2.      On June 12, 2019, Plaintiff filed his Complaint.[1]

3.      Therein, Plaintiff alleges that he was not paid overtime and minimum wage pursuant to the FLSA.

4.      On August 8, 2019, a Clerk's Default was entered against all Defendants [DE 15].

---

[1]      Pursuant to DE 16, the Court requests that, where there are allegations of joint and severally liability, Plaintiff file a Notice of Joint Liability. Plaintiff's Complaint does not specifically plead joint and several liability. Rather, Plaintiff has sued Defendants alleging that they are both "Employers" as that term is defined under the FLSA. Accordingly, both Defendants are equally liable for a judgment. There does not exist the possibility for inconsistent verdicts, since any judgment is against the "Employer" which, under the FLSA can be both a corporate entity and an individual, as it is in this case.

1

5.      On August 13, 2019, the Court entered its Order on Default Final Judgment Procedure ("Order") [DE 16].

6.      On August 26, 2019, Plaintiff filed his Motion for Entry of Default Final Judgment.

7.      On August 29, 2019, the Court served its Order [DE 19] denying Plaintiff's Motion without prejudice.

8.      Therein, the Court granted leave to file the instant Motion.

9.      The Court should enter a Default Final Judgment as to Plaintiff, individually, because the Defendants have failed to respond to the Complaint deeming the allegations of the Complaint admitted.

## II.      ARGUMENT AND CITATION OF AUTHORITY

**A.      THE COURT SHOULD ENTER JUDGMENT IN FAVOR OF PLAINTIFF, INDIVIDUALLY, BECAUSE DEFENDANTS HAVE FAILED TO RESPOND TO THE COMPLAINT AND PLAINTIFF'S DAMAGES ARE QUANTIFIABLE.**

"Under Federal Rule of Civil Procedure 55(b)(2), a court is authorized to enter default judgment against a defendant who fails to comply with the Court's orders or otherwise fails to file a timely responsive pleading." *Suarex v. Canche Carpentry, Inc.*, Case No. 1:17-cv-21308-UU, 2017 WL 9292208, at *1 (S.D. Fla. August 14, 2017) (*citing* Fed. R. Civ. P. 55(b)(2)). A defaulted defendant, as the Defendants in this case, is deemed to admit the plaintiff's well-pleaded allegations of fact. *See Suarex*, 2017 WL 9292208, at *1 (*citing S.E.C. v. Wright*, 261 Fed. Appx. 259, 261 (11th Cir. 2008)). Damages may be awarded via a hearing or by filing an affidavit. *See Suarex*, 2017 WL 9292208, at *1.

In this case, Plaintiff is entitled to damages pursuant to his claims under the FLSA. A copy of Plaintiff's Declaration in Support of Plaintiff's Motion for Entry of Final Judgment is

attached herewith as **Exhibit A**.

Plaintiff works for Defendants in their restaurant. *See* Dec. ¶ 3. Plaintiff's duties include, but are not limited to, things such as washing dishes, cleaning the kitchen and running food. *See* Dec. ¶ 4. Defendants have not paid Plaintiff for all hours worked and overtime compensation for all hours worked on excess of forty (40) in certain workweeks. *See* Dec. ¶¶ 5, 20.[2]

Plaintiff was supposed to be paid an hourly rate for all of his hours worked. *See* Dec. ¶ 7. Instead, Plaintiff was paid various flat amounts via either check or cash for various time worked. *See* Dec. ¶¶ 8, 9, 10, 16, 17. The payments were never made on a consistent basis and were intended to compensate Plaintiff for hours worked prior to the date of payment. *See* Dec. ¶¶ 11, 14, 16, 17. The checks did not contain a pay stub, did not specifically delineate for what hours they were for, and there were no federal taxes taken out. *See* Dec. ¶¶ 12, 13.

Based on the timecards provided by Plaintiff, a copy of the checks provided by Plaintiff, and copies of the receipts provided by Plaintiff, counsel have calculated Plaintiff's damages as follows:

   a.  Plaintiff worked a total of thirty-four (34) work weeks.

   b.  The hourly rate for each work week was calculated based on the number of hours worked, and the amount (if any) paid to Plaintiff immediately following that work week. *See* 29 C.F.R. 778.109.

   c.  Based on the calculations, Plaintiff had both minimum wage damages and overtime damages.

   d.  The amount and type of damages varied from work week to work week.

   e.  Based on the calculations, Plaintiff has current damages in the following amounts:

        i.  Total Minimum Wages Owed:      $7,849.17

---

[2]   Plaintiff's Declaration also verifies the allegations of the Complaint.

| | | |
|---|---|---|
| ii. | Total Overtime Owed: | $3,041.29 |
| iii. | Total Back Wages Owed (min wage + OT): | $10,890.46 |
| iv. | Liquidated Damages: | $10,890.46 |
| v. | **TOTAL AMOUNT OF DAMAGES:** | **$21,780.92**[3] |

Plaintiff's damages are liquidated as of the date of this Motion. Accordingly, Plaintiff respectfully requests that the Court enter a final judgment in the amount of twenty-one thousand seven hundred and eighty dollars and 92/100 ($21,780.92).

## ATTORNEYS' FEES AND COSTS

The FLSA provides that "[t]he court in [an action to recover under the FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29. U.S.C. § 216(b). "The language of the statute contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Maddrix v.Dize,* 153 F.2d 274, 275-76 (4th Cir. 1946)).

"In this circuit, Courts apply the lodestar method to determine attorneys' fees, which are derived by multiplying a reasonable hourly rate by a reasonable number of hours expended." *Payne v. Sec. & Crime Prevention Serv., Inc.*, No. 12-22032-CIV, 2014 WL 4146888, at *3 (S.D. Fla. Aug. 21, 2014) (citing *Gray v. Lockheed Aeronautical Sys. Co.,* 125 F.3d 1387, 1389 (11th Cir.1997)).

A reasonable attorney fee is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and

---

[3]     *See* Dec. ¶¶ 20-25; *see also* Exh. A to Declaration.

reputation." *American Civil Liberties Union v. Barnes,* 168 F.3d 423, 428 (11th Cir.1999). "The court is deemed an expert on the issue of hourly rate and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Tyler v. Westway Automotive Service Ctr., Inc.,* No. 02-61667-CIV, 2005 WL 6148128, at *2 (S.D. Fla. Mar. 10, 2005) (quoting *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir.1994)).

The timekeeper in this matter is Michael Elkins. Mr. Elkins is an attorney and member of the Florida Bar since 2001 and has approximately 18 years of experience litigating cases in federal and state court.  Mr. Elkins is licensed in all state and federal courts in the State of Florida, as well as the Eleventh Circuit Court of Appeals.  Mr. Elkins has primarily handled through his career labor and employment matters and has also handled corporate and commercial litigation and business transactions.

Mr. Elkins has attached his Declaration hereto as **Exhibit B**.  Mr. Elkins has attached to his Declaration his timesheets reflecting the specific tasks performed in this matter, the date the task was performed, the amount of time to perform each task, his hourly rate ($450.00/hour) and a total of both hours and fees.  The total amount of hours worked by Mr. Elkins in this matter is 13.6 hours for a total of $6,120.00 in attorneys' fees. Mr. Elkins is familiar with the prevailing market rate for legal services in metropolitan areas in the State of Florida similar to those provided by Mr. Elkins in this case as being from $300.00 per hour to $500.00 per hour, depending on the level of experience of the billing attorney.  This prevailing rate range is the rate typically charged in Florida by lawyers of reasonable comparable skill, experience and reputation for similar services.

Attached hereto as **Exhibit C** is an affidavit of costs executed by Joshua M. Entin, reflecting the costs incurred in this matter as follows: (1) $401.00 for the filing fee; (2) $300.00 for the process server, Florida Elite Process Service, Inc., for service on both defendants, as reflected on the invoices attached as Exhibit 1 to Mr. Entin's Affidavit of Costs; and (3) $35.18 for the federal express charges associated with the mailing of the Motion for Default Judgment to the defendants pursuant to D.E. 16.  The total amount of costs incurred are $736.18.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant this Motion in its entirety.  A proposed Final Default Judgment is attached hereto as **Exhibit D**.

**WHEREFORE**, Plaintiff SHUBERT VERTILUS, requests the Court to: (1) grant the instant Motion in its entirety; (2) enter final default judgment against Defendants, ANGLIN'S BEACH CAFE, LLC, and SPIRO MARCHELOS, jointly and severally, in the principal amount of $21,780.92 plus attorneys fees in the amount of $6,120.00 and costs in the amount of $736.18, for a total of $28,637.10, with an assessment of post-judgment interest; and (3) entering any and all further relief this Court deems equitable and just.

Dated: August 30, 2019            Respectfully submitted,

By: /s/Michael L. Elkins
    Michael L. Elkins
    Florida Bar No. 523781
    melkins@mlelawfirm.com
    **MLE LAW**
    633 S. Andrews Ave., Suite 500
    Fort Lauderdale, FL 33301
    Telephone: (954) 401-2608
    *Co-Counsel for Plaintiff*

/s/ *Joshua M. Entin*
    Joshua M. Entin, Esq.
    Fla. Bar No. 493724
    josh@entinlaw.com
    **ENTIN LAW GROUP, P.A.**
    633 S. Andrews Ave., Suite 500
    Fort Lauderdale, FL 33301
    Telephone: (954) 761-7201
    *Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  Additionally, pursuant to DE 16, a copy of this Pleading and Exhibits was served on both Defendants, via Federal Express, at 2 Commercial Blvd., Lauderdale by the Sea, Florida 33308.

*/s Joshua M. Entin*
Joshua M. Entin

7