UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61462-CIV-ALTMAN/Hunt

**SHUBERT VERTILUS**,

    Plaintiff,

v.

**ANGLIN'S BEACH CAFÉ, LLC,**
*and* **SPIRO MARCHELOS**,

    Defendants.
_____/

## **ORDER**

**THIS MATTER** comes before the Court upon the Plaintiff's Amended Motion ("Am. Motion") for Entry of Final Default Judgment, filed on August 30, 2019 [ECF No. 20]. Both Defendants have failed to appear, answer, or otherwise respond to the Complaint, despite having been served on July 4, 2019 [ECF Nos. 13-1 and 13-2]. As a result, the Clerk entered Default against both Defendants on August 8, 2019 [ECF No. 15]. The Court has carefully considered the Am. Motion, the record, and the applicable law.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a final default judgment against any party who has failed to respond to the complaint. But "a defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). *See also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default." (alteration added)).

The Plaintiff brought this action to recover unpaid minimum and overtime wages—along

with liquidated damages—under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. A defendant who fails to pay an employee in accordance with the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). On the other hand, Section 216(b) of the FLSA does not permit a plaintiff to recover any allegedly unpaid *regular* wages—so long as the plaintiff's regular wages exceeded the statutorily mandated minimum wage. *See Bolick v. Brevard County Sheriff's Dep't.*, 937 F. Supp. 1560, 1568 (M.D. Fla. 1996). Put another way, by its express terms, Section 216(b) provides a remedy only for unpaid minimum wages or unpaid overtime compensation.

The Court has carefully reviewed the Plaintiff's submissions and finds sufficient evidence to support the entry of a default judgment here.[1] In particular, the Plaintiff has submitted an uncontested declaration—in which he avers that the Defendants failed to pay him for certain hours he worked. *See generally* Vertilus Decl. [ECF No. 17-1]. The Plaintiff has also attached an Exhibit, which, he says, supports his allegation that the Defendants failed to pay him what he was owed. *Id.* at 4-7. Taken together, the Plaintiff's unpaid *minimum* wages total $7,849.17, and his unpaid *overtime* wages total $3,041.29. The Plaintiff's evidence, then, supports the proposition that he is entitled to a total of $21,780.92—$10,890.46 in unpaid wages and an additional $10,890.46 in liquidated damages.[2]

---

[1] On a motion for default final judgment, the Defendant is deemed to have admitted the well-pleaded allegations in the Complaint. *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206.

[2] Under the FLSA, "liquidated damages are mandatory absent a showing of good faith" by the employer. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (citation omitted). The Plaintiff's Complaint alleges that the Defendants willfully decided not to pay him his overtime wages. Compl. ¶ 38, 53 [ECF No. 1]. By not responding to the Complaint, the Defendants have failed to carry their burden of establishing "good faith." As such, The Plaintiff is entitled to

The Plaintiff is also entitled to attorney's fees and costs. Under Section 216(b), an employee may recover "a reasonable attorney's fee to be paid by the defendant, and costs of the action." The proper method for determining attorney's fees is to multiply a reasonable hourly rate by a reasonable number of hours expended. *See Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id*.

The Plaintiff seeks $6,120.00 in attorney's fees and $736.18 in costs. Plaintiff's counsel indicates that his hourly rate is $450.00 per hour. Declaration of Michael Elkins, Esq. [ECF No. 20-2 at ¶ 11]. Mr. Elkins' affidavit also details his work in the case—a total of 13.6 hours. *Id.* ¶ 8. The Court finds counsel's hourly rate somewhat excessive and concludes that a rate of $375.00 is more appropriate here. *See Echavarria v. Am. Valet Parking*, No. 14-80770-CIV, 2015 WL 12746113, at *2 (S.D. Fla. July 1, 2015) (finding that $375.00 per hour is "at the high end of the range of rates charged in the Southern District of Florida for . . . FLSA lawyers"). On the other hand, the Court does find reasonable the number of hours counsel expended on the case. Therefore, the total amount of recoverable attorney's fees is $5,100.00. Additionally, the Plaintiff seeks to recover $736.18 in costs, including filing and process server fees, which the Court finds reasonable. Am. Motion at 6. Accordingly, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The Am. Motion [ECF No. 20] is **GRANTED in part and DENIED in part** as described above.

---

liquidated damages here.

2. Default judgment is entered in favor of the Plaintiff and against the Defendants, jointly and severally, in the amount of $21,617.10, which consists of a total of $10,890.46 in unpaid minimum and/or overtime wages, $10,890.46 in liquidated damages, and $5,836.18 in attorney's fees and costs to the Plaintiff's counsel, Michael Elkins, Esq.—for which execution shall now issue.

3. This case is **DISMISSED with prejudice**.

4. All other pending motions are **DENIED as moot**.

5. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

6. The Court retains jurisdiction over this case and over the parties for the purpose of entering any post-judgment orders that may be just and proper.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 30th day of August 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record