UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-61462

SHUBERT VERTILUS,
and all others similarly situated;

    Plaintiffs,

vs.

ANGLIN'S BEACH CAFE, LLC,
an active Florida limited liability company; and
SPIRO MARCHELOS, individually;

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR FINAL JUDGMENT IN GARNISHMENT ON CONFESSION OF GARNISHEE WELLS FARGO BANK, N.A.**

The Plaintiff, SHUBERT VERTILUS, pursuant to Fed.R.iv.P. 64 and 69, Fla. Stat. §§ 77.06 and 77.083, requests that the Court enter judgment against Garnishee, Wells Fargo Bank, N.A., in the amount of $13,457.07, as set forth in the Answer of Garnishee and Demand for Garnishment Fee [D.E. 27], and states:

1. On August 30, 2019 [D.E. 21] the Plaintiff obtained a Final Judgment against the Defendants Anglin's Beach Café, LLC., and Spiro Marchelos, jointly and severally, in the amount of $27,453.28, inclusive of attorneys' fees and costs.

2. On October 2, 2019 [D.E. 23], the Plaintiff filed a Motion for Writ of Garnishment for Wells Fargo Bank, NA and the Clerk issued a Writ of Garnishment [D.E. 24] for Wells Fargo, Bank, NA.

3. On October 4, 2019, the Motion for Writ of Garnishment and Writ of Garnishment and a statutory Notice to Defendant of Right Against Garnishment were served on

1

Defendants. On October 4, 2019, [D.E. 26] the Plaintiff filed a Certificate of Service regarding service of those documents, and attached a copy of the documents served.

4. On October 16, 2019 [D.E. 27], the Garnishee, Wells Fargo Bank NA filed its Answer of Garnishee and Demand for Garnishment Fee admitting it held $13,457.07 in an account belonging to Anglin's Beach Café, LLC.

5. On October 16, 2019 [D.E. 28] the Plaintiff filed a Notice of Filing Certificate of Service of Answer of Garnishee Wells Fargo Bank, N.A., and Notice of Right to Dissolve Writ.

6. On October 16, 2019, the Plaintiff sent a check for $100.00 to the Garnishee Wells Fargo as payment for the Garnishee's fees pursuant to Fla. Stat. §77.28.

7. The amount due and owing on the Final Judgment [D.E. 21] is $27,453.28. No amount has been paid with respect to the amount awarded in the Court's Final Judgment.

8. The other Garnishee, TIAA, FSB d/b/a TIAA Bank formerly known as Everbank [D.E. 29] filed an Answer stating that it is not indebted to Defendants in any sum or had tangible and intangible property of the Defendants in its possession or control at the time of the service the Writ at the time of its Answer, or at any time between such times.

## **MEMORANDUM OF LAW**

Florida procedure in aid of execution governs in the instant matter. *See* Fed.R.Civ.P. 64 and 69. Florida Statues Chapter 77 prescribes the procedure for issuance and enforcement of writs of garnishment. None of the Defendants have filed an objection or asserted an exemption within the time prescribed by la. Fla. Stat. §§77.07(2), 77.055 (providing 20-day deadline to

move to dissolve the writ). Based on the foregoing, there now exists no controversy concerning the Writ of Garnishment regarding Wells Fargo Bank NA and the Plaintiff is entitled to a judgment as a matter of law in the amount of $13,457.07 based on the Answer of Garnishee Wells Fargo Bank, N.A. [D.E. 27]. *See* Fla. Stat. §77.083 (stating "judgment against the garnishee on the garnishee's answer…shall be entered for the amount of his or her liability as disclosed by the answer…"). The Plaintiff requests that the Court direct the Garnishee bank Wells Fargo Bank, N.A. to disburse the garnished funds to Entin Law Group, P.A., Trust Account forthwith.

**WHEREFORE,** the Plaintiff respectfully requests the Court enter a judgment in the amount of $13,457.07 against Garnishee Wells Fargo Bank, N.A. for all of which the Court shall let execution issue, and grant the Plaintiff such relief as the Court deems just.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served via First Class U.S. Mail, to Anglin's Beach Café, LLC and Spiro Marchelos at 2 Commercial Blvd., Lauderdale by the Sea, Florida 33308-3602 and John Kent, Esquire, 1200 Riverplace Blvd., Suite 800, Jacksonville, Florida 32207.

Respectfully submitted,

*By:* /s/ *Joshua M. Entin*
Joshua M. Entin, Esq.
Fla. Bar No. 493724
josh@entinlaw.com
**ENTIN LAW GROUP, P.A.**
633 S. Andrews Ave., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 761-7201
*Co-Counsel for Plaintiff*